Modified.

## In re BARSKY.
### Patent Appeal No. 3036.

Court of Customs and Patent Appeals.
Dec. 27, 1932.

H. C. Bierman, of New York City (Ellis S. Middleton and Ivan P. Tashof, both of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the primary examiner denying all of the claims, 19 to 23, inclusive, in appellant's application for a patent for an alleged invention relating to improvements in a refrigerating system of the absorption type.

Claims 20 and 21 are illustrative. They read:

"20. In a system of refrigeration comprising a chamber for an absorbent and absorbed refrigerant and means for vaporizing, condensing, expanding and absorbing said refrigerant, the improvement which includes the application of methylamine as refrigerant and air as cooling medium.

"21. A system of refrigeration which consists in vaporizing liquid methylamine in proximity to a substance to be cooled, conducting said gas away from the substance to be cooled, then subjecting the gas to the cooling action of air to liquify the same, collecting the liquid methylamine and repeating the cycle of operations."

The references are: Amundsen (French), 594,433, June 20, 1925; Herdman et al., 1,233,056, July 10, 1917.

Appellant's application discloses and claims the use of methylamine as a refrigerant, calcium chloride, or other suitable substance as an absorbent, and air as a condensing medium in a refrigerating system of the absorption type.

The French patent to Amundsen relates to a refrigerating apparatus of the absorption type. The patentee disclosed the use of methylamine as a refrigerant, calcium chloride as an absorbent, and water as a condensing medium.

The patent to Herdman et al. relates to an absorption refrigerating system, and discloses the use of ammonia as a refrigerant and air as the condensing medium.

The record contains an affidavit of the applicant. It appears therefrom that, although the use of air as a condensing medi-um in absorption refrigerating systems in "large installations where plenty of space is available for a multiplicity of cooling pipes" was considered possible in the art, it had been considered impossible to use air as a condensing medium in such refrigerating systems of the household type, due to the fact that "the refrigerator is placed in a confined position, with very little circulation of air and the cooling pipes are small, closely spaced and usually enclosed in the refrigerator," and that it was universally believed that air could not be used as the condensing medium, regardless of the refrigerant used where the "machine was for household use or other confined space." Applicant was of opinion, therefore, that the use of methylamine as a refrigerant and air as the condensing medium in such systems of refrigeration of the household type involved invention.

The primary examiner stated that it was admittedly recognized that air was not customarily used as a condensing medium in connection with ammonia as a refrigerant due to the high pressure that would develop within the system. He stated, however, that the patent to Herdman et al. disclosed such a system. He further stated that, as it was well known that methylamine developed a lower pressure than ammonia and other refrigerants, it would be obvious to one skilled in the art to use air as a condensing medium, in combination with methylamine as a refrigerant.

In affirming the decision of the primary examiner, the Board of Appeals held that the use of air, instead of water, as a condensing medium, in combination with methylamine as a refrigerant, was merely a matter of choice and did not involve invention.

It is contended by counsel for appellant that the patent to Herdman et al. is not a valid reference, because the apparatus disclosed therein is inoperative.

The Board of Appeals disposed of this contention by stating that, although the Herdman et al. apparatus might have some defects, they were not such as to render it inoperative.

Counsel for appellant has, with considerable elaborateness, discussed the reasons why he thinks that the particular apparatus disclosed in the patent to Herdman et al. is inoperative. He does not argue, however, that the defects in it could not be corrected by the exercise of ordinary mechanical skill. If it could be so corrected, assuming that certain defects do, in fact, exist, the patent is, nevertheless, a valid reference. Pickering et

al. v. McCullough et al., 104 U. S. 310, 26 L. Ed. 749; Robbins v. Steinbart, 57 F.(2d) 378, 19 C. C. P. A. 1069.

The question of the patentability of the alleged invention may be disposed of without much discussion.

In his affidavit, appellant asserted that the use of air as a condensing medium in absorption refrigerating systems in "large installations where plenty of space is available for a multiplicity of cooling pipes" was considered possible in the art prior, it must be assumed, to the filing of his application. He asserted, however, that it had been considered impossible to use air as a condensing medium in such refrigerating systems of the household type. Stated differently, appellant claims that, although it would not amount to invention to use air as a condensing medium in combination with any known refrigerant, for example, ammonia or methylamine, in large installations, no one had deemed it possible to use that combination in small compact refrigerators of the household type.

Assuming, for the purposes of this case, that appellant, an authority upon the subject, is right, it, nevertheless, may be observed that the appealed claims relate broadly to the use of air as a condensing medium in combination with methylamine as a refrigerant, and are not limited to refrigerating systems of the small compact household type. Nor may such limitations be read into them. Accordingly, the question of whether invention would be involved in successfully using air as a condensing medium in combination with methylamine as a refrigerant in small compact absorption refrigerators of the household type is not before us for consideration.

■ Appellant has broadly claimed the use of air as a condensing medium in combination with methylamine as a refrigerant in absorption refrigerating systems. In view of the references of record, we must hold that the tribunals of the patent office reached the right conclusion, and that the claims are devoid of patentability.

It is contended by counsel for appellant that the decision of the Board of Appeals, in the case at bar, should be reversed on the authority of the decision of this court in the case of In re Wessbled, 58 F.(2d) 418, 19 C. C. P. A. 1175, because, it is argued, the court there held that the substitution of air cooling for water cooling in refrigerating systems of the absorption type, "where novelty, usefulness, and a distinct advancement in the art is admitted," involved invention.

That is not a correct statement of the holding of the court in that case.

The court there held that, considering the novelty and usefulness of the apparatus involved and the distinct advancement it made in the art, in connection with the references of record, the claims were patentable.

■ ■The issues in each case must be disposed of in accordance with the facts presented by the record.

For the reasons hereinbefore stated, the decision of the Board of Appeals is affirmed.

Affirmed.